Gordon T. Carey, Jr., OSB No. 771331
Nicholas J. Neidzwski, OSB No. 172584
ANDERSON CAREY WILLIAMS & NEIDZWSKI
1501 Eldridge Ave.
Bellingham, WA 98225
Phone:    360.671.6711
Fax:      360.647.2943
E-mail:   gordon@gordoncarey.com
          nick@boatlaw.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **MOANA LORI DAVIS**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**LAURENCE STONE**, an individual; **WILLAMETTE JETBOAT EXCURSIONS, LLC**, an Oregon company,<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR PERSONAL INJURY<br><br>IN ADMIRALTY<br><br>Damages: $1,250,000.00 |

Plaintiff MOANA LORI DAVIS ("Davis"), by and through the undersigned counsel, alleges as follows:

Page 1 –COMPLAINT FOR PERSONAL INJURY

## FIRST CLAIM FOR RELIEF: NEGLIGENCE
### Against Defendants Stone and WJE

1. This action is brought under admiralty and maritime law. Jurisdiction is conferred in admiralty upon this Court pursuant to 28 U.S.C. § 1333.

2. At all material times hereto, plaintiff Moana Lorrie Davis ("Davis") is an individual residing in Tigard, Washington County, Oregon.

3. At all material times hereto, defendant Laurence Stone ("Stone") is an individual residing in Portland, Multnomah County, Oregon.

4. At all material times hereto, defendant Willamette Jetboat Excursions, LLC ("WJE"), is an Oregon limited liability company with its principal place of business in Portland, Multnomah County, Oregon, conducting regular, sustained business activity in Multnomah County, Oregon.

5. At all material times hereto, defendant Stone owned, manned, operated, maintained, and controlled a recreational vessel (the "VESSEL") upon the Willamette River. Plaintiff will amend this complaint with the name of the VESSEL after it is discovered.

6. At all material times hereto, defendant WJE was in the business of owning and operating vessels upon the Willamette River. Specifically, defendant owned and operated a fleet of jetboats upon which it provided sightseeing tours to members of the public for payment, and employed crews.

7.   On or about August 2, 2017, plaintiff Davis was a passenger on the VESSEL on the Willamette River. While underway on the Willamette River, as a result of the negligence of defendants as specified below, plaintiff Davis sustained personal injuries described below.

8.   At the time and place in question, defendant Stone was negligent in one or more of the following particulars:

    a.   Causing, allowing, and permitting the VESSEL to be operated too close in proximity to a WJE jetboat;

    b.   Causing, allowing, and permitting the VESSEL to be operated at a dangerous speed across the wake of a WJE jetboat;

    c.   Causing, allowing, and permitting the VESSEL to be operated at a greater rate of speed than was reasonable and/or in violation of ORS 830.315(2);

    d.   Causing, allowing, and permitting the VESSEL to be operated in a way which was likely to cause injury to passengers;

    e.   Failing to keep a proper lookout in violation of ORS 830.335;

    f.   Causing, allowing, and permitting the VESSEL to be operated without proper control, including how the VESSEL was operated and maneuvered over the wake of a WJE jetboat;

    g.   Causing, allowing, and permitting the VESSEL to be operated

Page 3 –COMPLAINT FOR PERSONAL INJURY

    unsafely in violation of ORS 830.305;

  h. Failing to warn passengers of the impending rough passage over another vessel's wake;

  i. Failing to maneuver the VESSEL in a manner to safely cross the wake of a WJE jetboat;

  j. Failing to provide adequately trained and competent officers and/or crew; and

  k. In providing a vessel without adequate padding to protect passengers.

9. At the time and place in question, defendant WJE was negligent in one or more of the following particulars:

  a. Causing, allowing, and permitting its jetboat to be operated in too close proximity to the VESSEL;

  b. Causing, allowing, and permitting its jetboat to be operated at a greater rate of speed than was reasonable and/or in violation of ORS 830.315(2);

  c. Causing, allowing, and permitting its jetboat to create large wakes in unsafe areas, including while in close proximity to the VESSEL;

  d. Causing, allowing, and permitting its jetboat to be operated in a

way which was likely to cause injury;

e. Failing to warn the VESSEL of its speed, movement, and wake;

f. Failing to keep a proper lookout in violation of ORS 830.335;

g. Causing, allowing, and permitting its jetboat to be operated without proper control;

h. Causing, allowing, and permitting its jetboat to be operated unsafely in violation of ORS 830.305; and

i. Causing, allowing, and permitting its jetboat to perform maneuvers under unsafe conditions.

10. As a result of the negligence of defendants, plaintiff Davis was caused pain and suffering, a tearing, twisting, wrenching, contusing and breaking of the muscles, tendons, ligaments, cartilage, discs, bones, nerves and soft tissue of the spine and back, thoracic, lumbar and sacral, strain and sprain, dysfunction and compression, fractures and crush injury to the spine, all of which injuries have caused compression fracture of the vertebra at L1, an annular tear at L4-L5, protrusions of discs at other levels, eye vision issues, head injuries, and elevated blood pressure, and the consequences thereof are permanent and have required plaintiff Davis to undergo medical care and treatment, and will cause her to require further medical treatment, and have and will cause plaintiff Davis damages for non-economic losses in an amount exceeding $750,000. Plaintiff prays for leave to

Page 5 –COMPLAINT FOR PERSONAL INJURY

amend at the time of trial to conform to the proof.

11. As a result of her injuries, plaintiff has not been able to work or pursue gainful employment during periods of time, and has and will suffer economic losses in the amount of $200,000 for lost wages. Plaintiff Davis has and will also suffer additional economic losses for medical treatment in an amount exceeding $300,000. Plaintiff prays for leave to amend at trial to conform to the proof.

### SECOND CLAIM FOR RELIEF: RECKLESS CONDUCT
### Against WJE

12. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-11 above.

13. WJE recklessly performed and/or operated, on a regular basis, maneuvers or at speeds for which its jetboat was not suited, the crew not trained or competent to perform, and other vessels were unprepared as alleged above, and continued to do so after individuals had been injured and/or property or boats were damaged on at least eleven (11) other occasions.

14. WJE knew or should have known that it was substantially likely that individuals would continue to suffer injury if WJE continued to operate its jetboats as referenced above. Therefore, WJE's conduct and acts amount to a particularly aggravated disregard of the rights of plaintiff and society. WJE should be assessed punitive damages. Following discovery, plaintiff will seek leave of the court to

amend the complaint to seek punitive damages against WJE in an amount of not less than $1,000,000.

WHEREFORE, plaintiff Davis prays for judgment against Defendants Stone and WJE as follows:

    A. General damages in the amount of at least $750,000;

    B. Economic damages in the amount of at least $500,000;

    C. Plaintiff's costs and disbursements incurred herein;

    D. Prejudgment and post-judgment interest according to general maritime law.

DATED this 12th day of October, 2018.

    ANDERSON CAREY WILLIAMS & NEIDZWSKI

    */s/Gordon T. Carey, Jr.*
    Gordon T. Carey, Jr., OSB No. 771331

    Nicholas J. Neidzwski, OSB No. 172584
    1501 Eldridge Ave.
    Bellingham, WA 98225
    Phone:    360.671.6711
    Fax:    360.647.2943
    E-mail:    gordon@gordoncarey.com
                  nick@boatlaw.com
    Attorneys for Plaintiff